

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

January 8, 2016

Dr. Vincent J.M. Di Maio                     Opinion No. KP-0055
Presiding Officer
Texas Forensic Science Commission             Re: Responsibilities of the Texas Forensic
1700 North Congress Avenue, Suite 445         Science Commission under article 39.14 of the
Austin, Texas 78701                           Code of Criminal Procedure (RQ-0032-KP)

Dear Dr. Di Maio:

The Texas Forensic Science Commission ("Commission") asks about its responsibility to "notify relevant parties of exculpatory, impeachment or mitigating information" under the Code of Criminal Procedure.[1] Your specific questions are:

> (1) As a state agency with possession of information that may be covered by Article 39.1[4][2] of the Texas Code of Criminal Procedure, what is the Commission's notification responsibility when it receives such information?

> (2) If the Commission notifies the prosecutor with jurisdiction over the case, is that notification sufficient with the understanding the prosecutor will assess the matter and determine whether notification to the defendant is necessary? Or does the Commission need to provide separate defendant notification?

> (3) If a laboratory disclosure involves professional misconduct by a forensic scientist with the potential to impact criminal cases in many different jurisdictions, does the Commission need to notify the prosecutor in each jurisdiction or may it communicate the information to the Texas District and County Attorney's Association for distribution to its membership?

---

[1]*See* letter from Lynn Garcia, Gen. Counsel, Tex. Forensic Science Comm'n, to Honorable Ken Paxton, Tex. Att'y Gen. at 1, (July 15, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]A telephone call to your office verified that your questions concern article 39.14 of the Code of Criminal Procedure instead of article 39.15. Telephone conference with Tex. Forensic Science Comm'n (Sept. 10, 2015).

(4) Are the notification obligations the same for the prosecutor representative on the Commission as the forensic scientists, or does the prosecutor have obligations beyond those of other members because of his unique position?

Request Letter at 2 (footnote added). The Commission was created to provide a process to report and investigate alleged negligence and misconduct affecting the integrity of various types of laboratories and offices in Texas that process forensic science used in criminal proceedings. *See Pena v. State*, 226 S.W.3d 634, 649 (Tex. App.—Waco 2007) (citing Sen. Comm. on Crim. Justice, Bill Analysis, Tex. S.B. 1263, 79th Leg., R.S. (2005)), *rev'd on other grounds*, 285 S.W.3d 459 (Tex. Crim. App. 2009); *see also* TEX. CODE CRIM. PROC. art. 38.01 (governing the Commission); Tex. Att'y Gen. Op. No. GA-0866 (2011) at 1–2 (describing functions of the Commission). Under article 38.01 of the Code of Criminal Procedure, the Commission has its own reporting requirements. *See generally* TEX. CODE CRIM. PROC. art. 38.01, § (4)(e) (requiring the Commission to make its investigation reports available to the public); *see also id.* art. 38.01, §§ (7), (8), (10) (detailing the reporting requirements of the Commission's investigative reports).

You tell us that the Commission is investigating a complaint involving forensic video analysis and has received information that may be exculpatory in nature. Request Letter at 2. You note that a prosecutor and defendant in a particular criminal case may not be aware of any potentially exculpatory information received by the Commission unless made aware of it by the Commission. *See id.* In this context, you are concerned that the "Commission may receive information that could constitute 'exculpatory, impeachment, or mitigating' information as the term is described in Article 39.1[4] of the . . . Code of Criminal Procedure." *Id.* We look to article 39.14(h), which pertains to "exculpatory, impeachment, or mitigating" evidence, to address your questions. TEX. CODE CRIM. PROC. art. 39.14(h); *see* Request Letter at 1–2.

Article 39.14(h) provides that "[n]otwithstanding any other provision of this article, the state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." TEX. CODE CRIM. PROC. art. 39.14(h). By its plain language the duties imposed by article 39.14(h) devolve upon the state. *Id.*; *see Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (stating that a statute is to be interpreted according to its plain language). Thus, we consider how a court would construe the term "state" in article 39.14(h) to determine whether the Commission has a duty thereunder to make certain notifications. The primary cannon of statutory construction is to ascertain and give effect to the Legislature's intent. *Liberty Mut. Ins. Co. v. Adcock*, 412 S.W.3d 492, 494 (Tex. 2013). Courts determine that intent by looking at the "plain meaning of the text, given the context of the statute as a whole." *Id.*

Absent a judicial or statutory definition, the term "state" is capable of numerous definitions. *See, e.g., Texas v. White*, 74 U.S. 700, 721 (1868) (defining "state" broadly as a "political community of free citizens occupying a territory of defined boundaries"); *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939–40 (Tex. 1993) (stating that the "ordinary meaning of 'state' . . . envisions an entity having statewide jurisdiction" instead of an entity with

"local or limited jurisdiction"). Yet, the language and context of article 39.14(h) indicate the term "state" has a limited scope.

In providing that prosecutions shall be carried on "in the name and by authority of The State of Texas," and that prosecutors shall represent the state in criminal matters, the Code of Criminal Procedure identifies local prosecutors as representatives of the state for criminal purposes. TEX. CODE CRIM. PROC. arts. 1.23, 2.01–.02; *see also* Black's Law Dictionary 1341 (9th ed. 2009) (defining "prosecutor" to mean "[a] legal officer who represents the state . . . in criminal matters"). The language in article 39.14 itself, when considered as a whole, also indicates that a prosecutor is the individual acting for the state. *See Fredericksburg Care Co. L.P. v. Perez*, 461 S.W.3d 513, 520 (Tex. 2015) (construing statute as a whole and not pursuant to isolated provisions). Article 39.14(a) requires the state to produce certain information as soon "as practicable after receiving a timely request from the defendant." *See* TEX. CODE CRIM. PROC. art. 39.14(a). Similarly, under article 39.14(b), the court has authority to order "one or more of the parties" to disclose certain information, which by its plain language does not include someone who is not a party to an action. *Id.* art. 39.14(b). Article 39.14(k) provides that "at any time before, during, or after trial the state" shall disclose the discovery of the existence of additional information required to be disclosed to the defendant or to the court. *Id.* art. 39.14(k). Again, the timing requirement of this provision makes sense only if it imposes burdens upon those directly involved in the trial.

Additionally, the legislative history suggests that the Legislature intended for the article 39.14 burden to fall upon prosecutors. *See Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 586 (Tex. 2013) (recognizing that legislative history may be considered when construing a statute). The bill analysis for the 2013 bill amending and implementing article 39.14(h) indicates that the bill "requires *prosecutors* to turn over to the defense" any relevant information. Senate Comm. on Crim. Justice, Bill Analysis, Tex. S.B. 1611, 83rd Leg., R.S. (2013) (emphasis added) (describing criminal discovery as the "exchange of relevant information between prosecutors and the defense"). For these reasons, a court would likely construe the term "state," as used in article 39.14(h), to mean the prosecution representing the State of Texas in criminal cases.

Moreover, with respect to the Commission specifically, the "exculpatory, impeachment, or mitigating" evidence that must be disclosed is that which "tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." TEX. CODE CRIM. PROC. art. 39.14(h). Yet, the Commission is specifically prohibited by its own statute from making any findings that are related to the guilt or innocence of a party in a criminal case. *Id.* art. 38.01, § (4)(g). Accordingly, it is likely that a court would determine that article 39.14(h) imposes no notification duties on the Commission.

Your second and third questions presume that the Commission has a duty under article 39.14(h) and ask about various methods by which to comply with the statute. *See* Request Letter at 2. Given our conclusion to the first question, we need not address these questions. We can advise you, however, that the lack of a duty under article 39.14(h) does not negate the requirement in article 38.01, § (4)(e) for the Commission to make its completed investigation reports available to the public. *See generally* TEX. CODE CRIM. PROC. art. 38.01, § (4)(e). Moreover, there is nothing

in article 38.01 that expressly prohibits the Commission from notifying relevant parties of exculpatory, impeachment, or mitigating information.

Your fourth question is whether the prosecutor member of the Commission has a duty that differs from the other members of the Commission. *See* Request Letter at 2; *see also* TEX. CODE CRIM. PROC. art. 38.01, § (3)(a)(2) (requiring that the Commission include a prosecuting attorney). Given our conclusion that the Commission likely has no notification duties under article 39.14(h), the prosecutor member of the Commission would have a duty to comply with article 39.14 only in his or her capacity as a prosecutor for the state in a particular case. *See* TEX. CODE CRIM. PROC. art. 39.14(a); *see generally* Tex. Att'y Gen. Op. No. KP-0041 (2015) at 4.

## S U M M A R Y

A court would likely conclude that article 39.14(h) of the Code of Criminal Procedure does not create a duty for the Texas Forensic Science Commission to notify relevant parties of exculpatory, impeachment, or mitigating information.

Given the conclusion that the Commission likely has no notification duties under article 39.14(h), the prosecutor member of the Commission would have a duty to comply with article 39.14 only in his or her capacity as a prosecutor for the state in a particular case.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee